**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MVM, INC. and CONTINENTAL
INSURANCE COMPANY/
CNA INTERNATIONAL,

    Plaintiffs/Petitioners,

vs.                                              Case No. 3:10-cv-879-J-34JRK

QUINCY URSO and SUSAN URSO,
parents of Wesley J. Urso, deceased, and
DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,

    Defendants/Respondents.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on Defendants/Respondents' Motion to Dismiss Plaintiffs/Petitioners' Petition for Review/Complaint and Incorporated Memorandum of Law (Doc. No. 7; "Motion"), filed October 19, 2010. In the Motion, Defendants/Respondents Quincy and Susan Urso ("Defendants") seek an order dismissing the action pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, because Defendants believe the Court lacks subject matter jurisdiction to consider the Petition for Review/Complaint (Doc. No. 1; "Petition"), filed September 27, 2010. See Motion at 1-2. The Motion was referred to the undersigned by the Honorable Marcia Morales Howard, United States District Judge, on April

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

12, 2011 for the issuance of a Report and Recommendation regarding an appropriate resolution.  See Order of Referral (Doc. No. 22).

## I. Background

The claim underlying this case was raised by Defendants following the death of their son on June 3, 2007.  Petition at 3 ¶¶ 5-6.  At the time of his death, Defendants' son was working for MVM, Inc. ("MVM") overseas in Lebanon under a contract with the Government. Id.  Defendants brought an action against MVM and Continental Insurance Company/CNA International ("Continental"), MVM's insurer, (collectively "Plaintiffs") pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901, et seq. ("LHWCA"), as extended by the Defense Base Act, 42 U.S.C. §§ 1561, et seq. ("DBA").  Petition at 3 ¶¶ 5, 7. On November 19, 2008, Defendants' claim was heard by an Administrative Law Judge ("ALJ") for the U.S. Department of Labor, Office of Workers' Compensation Programs, District of Jacksonville, Florida.  Id. at 3-4 ¶¶ 8, 16.  On June 2, 2009, the ALJ issued a Decision and Order finding Defendants' son's death was compensable but denying Defendants' claim because they did not qualify as dependants under the LHWCA.  See Doc. No. 1-1 ("ALJ's Decision")[2] at 11, 15.  Although the ALJ denied Defendants' claim, the ALJ ordered that MVM pay Defendants' son's funeral expenses in accordance with Section 9(a) of the LHWCA.  Id. at 15.

The parties sought reconsideration of the ALJ's Decision.  See Petition at 4 ¶ 10.  On August 24, 2009, the ALJ denied Defendants' request for reconsideration, and he denied

---

[2]  The page numbering at the bottom of the ALJ's Decision does not correspond with the page numbering assigned by the Electronic Case Filing system. In this Order, the undersigned refers to the page numbering at the bottom of the ALJ's Decision.

MVM's request for modification of the ALJ's Decision. See Doc. No. 1-2[3] at 9. Thereafter, the parties appealed the ALJ's Decision and his denial of the requests for reconsideration and modification to the U.S. Department of Labor Benefits Review Board. Petition at 4 ¶¶ 11, 12. On July 29, 2010, the Benefits Review Board issued a Decision and Order reversing the ALJ's Decision with regard to the finding that Defendants did not qualify as dependents under the LHWCA and denying MVM's cross-appeal because it was untimely. Doc. No. 1-3 ("Review Board's Decision")[4] at 5, 10. Attached to the Review Board's Decision was a Notice of Appeal Rights, which directed a party seeking review of the Decision to file a petition with the appropriate United States Court of Appeals. See id. at 13-14.

On September 27, 2010, Plaintiffs filed in this Court the Petition appealing the Review Board's Decision. Thereafter, Defendants filed the Motion, which is opposed. See Plaintiff's Response to Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. No. 8; "Response"), filed October 29, 2010. For the following reasons, the undersigned recommends that the Motion be denied.

## II.  Discussion

### A.    Parties' Positions

In the Motion, Defendants allege that dismissal of the action is appropriate because the Court lacks subject matter jurisdiction. Motion at 1-2. Specifically, Defendants contend

---

[3] The page numbering at the bottom of Doc. No. 1-2 does not correspond with the page numbering assigned by the Electronic Case Filing system. In this Order, the undersigned refers to the page numbering at the bottom of Doc. No. 1-2.

[4] The page numbering at the bottom of the Review Board's Decision does not correspond with the page numbering assigned by the Electronic Case Filing system. In this Order, the undersigned refers to the page numbering at the bottom of the Review Board's Decision.

the proper Court to consider the appeal of the Review Board's Decision is the United States Court of Appeals for the Eleventh Circuit.  See id. at 4 ¶¶ 14-19.  Defendants assert that "[p]ursuant to 20 C.F.R. § 802.410 and 33 U.S.C. § 921, any party adversely affected or aggrieved by a decision by the Benefits Review Board may file a petition for review with the appropriate U.S. Court of Appeals[,]" which is "authorized to review orders issued by the Benefits Review Board."  Id. at 4 ¶¶ 15-16 (emphasis omitted).  Defendants state that "[t]he Decision and Order issued by the Benefits Review Board on July 29, 2010 had a 'Notice of Appeal Rights' attached, which specifically states that an appeal must be taken to a United States Court of Appeals," and it provided contact information for the United States courts of appeal.  Id. at 4 ¶ 17.

In the Response, Plaintiffs object "to the contention that the instant [C]ourt does not have jurisdiction over the matter."  Response at 1.  Plaintiffs emphasize that Defendants' claim was raised under the DBA because their son's death occurred overseas while he was working pursuant to a contract with the United States government.  Id. at 3.  Plaintiffs contend that Defendants' position with regard to the Motion is "erroneous" because they fail to recognize the distinction between claims brought pursuant to the DBA, an extension of the LHWCA, and claims brought solely under the LHWCA.  Id.

**B.    Analysis**

The DBA governs, in part, claims for the injury or death of any employee working "under a contract entered into with the United States or any executive department, independent establishment, or agency thereof (including any corporate instrumentality of the United States), or any subcontract, or subordinate contract with respect to such contract,

where such contract is to be performed outside the continental United States . . . ." 42 U.S.C. § 1651(a)(4). Except as modified by the DBA, provisions of the LHWCA apply to claims arising under the DBA. 42 U.S.C. § 1651(a). The LHWCA and DBA each contain a provision for judicial review of workers' compensation orders. Section 21(c) of the LHWCA provides in relevant part:

> Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order <u>in the United States court of appeals</u> for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside.

33 U.S.C. § 921(c) (emphasis added). Section 3(b) of the DBA provides as follows:

> Judicial proceedings provided under sections 18 and 21 of the . . . [LHWCA] in respect to a compensation order made pursuant to this chapter shall be instituted <u>in the United States district court</u> of the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved if his office is located in a judicial district, and if not so located, such judicial proceedings shall be instituted in the judicial district nearest the base at which the injury or death occurs.

42 U.S.C. § 1653(b) (emphasis added). The LHWCA provides for review of a compensation order in a United States court of appeals, whereas the DBA provides for review of a compensation order in a United States district court.

In <u>ITT Base Servs. v. Hickson</u>, 155 F.3d 1272 (11th Cir. 1998), the Eleventh Circuit directly addressed the issue of whether jurisdiction to review determinations of the Benefits Review Board in cases arising under the DBA is conferred upon the district courts or the courts of appeal. <u>Id.</u> at 1274. In <u>ITT Base Servs.</u>, the claimant was injured while working overseas for ITT Base Services ("ITT") under a contract with the United States Navy. <u>Id.</u> at 1273. Although the claim was initially filed with the Hawaiian District Director of the Office

of Workers' Compensation Programs, it was subsequently transferred at the administrative level to the office of the district director in Jacksonville, Florida. Id. at 1276 n.6. An ALJ issued a decision in favor of the claimant. Id. at 1273. ITT appealed the ALJ's decision to the U.S. Department of Labor Benefits Review Board, which affirmed the decision. Id. ITT filed a petition with the Eleventh Circuit seeking review of the Benefits Review Board's decision. Id. After the petition was filed by ITT, the claimant filed a motion to dismiss, alleging the Court lacked subject matter jurisdiction. Id. at 1273-74.

The Court in ITT Base Servs. explained that prior to 1972, both the LHWCA and DBA provided for judicial review in the district courts. Id. at 1274. Congress, however, amended the judicial review provision of the LHWCA in 1972 conferring jurisdiction upon the United States courts of appeal without amending the corresponding provision of the DBA. Id. The amendment resulted in uncertainty as to the appropriate court in which to initiate an appeal of workers' compensation orders decided under the DBA. Id. The Court recognized that "[t]he issue has divided the circuits."[5] Id. at 1274-75 (citations omitted). The Court concluded as follows:

> We now join the majority of circuits to have addressed the issue and hold that judicial review of compensation orders arising under the DBA must be commenced in the district courts. Our conclusion is dictated by the unambiguous language of the DBA. Section 3(b) of the DBA provides that in

---

[5] Noteworthy is the treatment of this issue by the Second Circuit after ITT Base Servs. was decided in 1998, reflecting the divide among the circuits. In 2010, when faced with the same issue as the instant case, the Second Circuit expressly disagreed with the Eleventh Circuit's conclusion in ITT Base Servs. that the language in the judicial review provision of the DBA is unambiguous. See Serv. Emps. Int'l, Inc. v. Dir., Office of Workers' Comp. Programs, 595 F.3d 447, 453 (2d Cir. 2010) (concluding that the courts of appeal have jurisdiction to review compensation orders issued pursuant to the DBA). The dissent in Serv. Emps. Int'l, Inc., however, agreed with the Eleventh Circuit's conclusion that "'[courts] cannot speculate about what Congress' intent might have been when faced with the unambiguous language of a statute.'" Id. at 458 (quoting ITT Base Servs., 155 F.3d at 1275 (Cabranes, C.J., dissenting)).

> DBA cases, judicial proceedings "*shall* be instituted in the United States district court" of the appropriate judicial district. 42 U.S.C. § 1653(b) (emphasis added). The mandate of this provision does not allow us to apply the flatly inconsistent language of the LHWCA's amended section 21(c), which provides for judicial review in the courts of appeal.

ITT Base Servs. v. Hickson, 155 F.3d at 1275. The Court determined it did not have subject matter jurisdiction and ultimately transferred the case (rather than dismiss) to the Middle District of Florida. Id. at 1276. In doing so, the Court determined that because the compensation order had been issued by the district director of the Jacksonville office, transfer to the Middle District of Florida was appropriate. Id. at 1276 n.6; see 42 U.S.C. § 1653(b) (providing that an action "pursuant to this chapter shall be instituted in the United States district court of the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved").

The instant case is similar to ITT Base Servs., except here Defendants allege this Court, not the Eleventh Circuit, lacks subject matter jurisdiction, the reverse of the situation in ITT Base Servs. Compare Motion at 4 ¶18 with ITT Base Servs. 155 F.3d at 1274. Similar to the claimant in ITT Base Servs., at the time of his death, Defendants' son was working for MVM pursuant to a Government contract overseas in Lebanon. Petition at 3 ¶ 6. The DBA, therefore, governs Defendants' claim. See 42 U.S.C. § 1651(a)(4). Defendants filed the claim for their son's death pursuant to the DBA with the office of the district director in Jacksonville, Florida, see ALJ's Decision at 1, 16, and it is the compensation order of that office, located in the Middle District of Florida, that is involved in this appeal. See ITT Base Servs., 155 F.3d at 1276 n.6 (stating the office of the district director where the claim is filed is the compensation order involved for purposes of Section

-7-

3(b) of the DBA). Although the Notice of Appeal Rights attached to the Review Board's Decision instructed that appeals should be filed with the court of appeals, the Eleventh Circuit has nevertheless concluded that jurisdiction for such appeals is conferred upon the district courts. See ITT Base Servs., 155 F.3d at 1276 (finding that the district court had jurisdiction to consider the appeal of the Benefits Review Board's decision even though the order of the Board directed the parties to file appeals with the court of appeals).

In light of the findings in ITT Base Servs., because Defendants' claim implicates the DBA, and because the compensation order involved in this case was issued by the office of the district director of Jacksonville, Florida, the undersigned concludes that this Court has subject matter jurisdiction and is the proper court to consider the appeal. See 42 U.S.C. § 1653. This conclusion is consistent with the ruling of other courts of the Eleventh Circuit that have addressed this issue since ITT Base Servs. was decided. See, e.g., Dyncorp Int'l v. Boroski, Doc. No. 24 in Case No. 3:09-cv-289-J-20TEM, at 4-5 (M.D. Fla. Oct. 5, 2009) (unpublished); Raytheon Eng'rs & Constructors, Inc. v. Sullivan, No. 3:05-cv-474-J-32MMH, 2005 WL 3445519, at *1 n.1 (M.D. Fla. Dec. 14, 2005) (unpublished).

### III. Conclusion

Defendants contend that the Court does not have subject matter jurisdiction to consider the appeal of the Review Board's Decision. Because Defendants' son died overseas while working for MVM under a contract with the Government, and Defendants filed a claim pursuant to the DBA with the district director of the Jacksonville Office of Workers' Compensation Programs, the undersigned concludes the Court has subject matter

jurisdiction to consider the appeal of the Review Board's Decision.  Therefore, it is recommended that the Motion be denied.

After due consideration, it is

**RECOMMENDED**:

That Defendants/Respondents' Motion to Dismiss Plaintiffs/Petitioners' Petition for Review/Complaint and Incorporated Memorandum of Law (Doc. No. 7) be **DENIED**.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 10, 2011.

JAMES R. KLINDT
United States Magistrate Judge

wlg

Copies to:
Honorable Marcia Morales Howard
United States District Judge

Counsel of Record